IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Calvin Williams, ) | Case No. 2:25-cv-07824-RMG-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Calvin Williams ("Petitioner"), has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") application of time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A). (Dkt. No. 1.) Before the Court is Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. No. 19) and Petitioner's Motion to Dismiss (Dkt. No. 23). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. The undersigned recommends that Petitioner's Motion be granted and Respondent's Motion be terminated as moot.

### BACKGROUND

Petitioner filed the instant action on July 18, 2025, challenging the BOP's application of FSA time credits awarded for Evidence-Based Recidivism Reduction Programming. (Dkt. No. 1.) In his Petition, Petitioner states he is challenging "the decision of the BOP not to transfer [him] into RRC [Residential Reentry Center] until 11-5-26 or home confinement when [his] unit team recommended 11-5-25[.]" *Id*. at 2. Petitioner asserts he was denied the full application of his FSA

time credits toward his RRC date. *Id*. at 6. For relief, Petitioner seeks to have his RRC date changed from November 5, 2026, to November 5, 2025. *Id*. at 7.

On November 21, 2025, Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 19.) By order of this Court filed on November 24, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the possible consequences if he failed to respond adequately to the motion. (Dkt. No. 20.) On December 9, 2025, Petitioner filed his response in opposition to Respondent's motion. (Dkt. No. 22.) Petitioner signed his response on November 27, 2025. (*Id*. at 3.) On December 9, 2025, Petitioner also filed a Motion to Dismiss, which he signed on December 3, 2025. (Dkt. No. 23.) His Motion states, "Petitioner Calvin Williams respectfully moves the Honorable Court to dismiss Williams' Motion as the matter has been resolved." (*Id*.)

Respondent filed a response consenting to Petitioner's Motion to Dismiss on December 16, 2025. (Dkt. No. 24.) In his response, Respondent notes that "Petitioner is at the Salvation Army Correctional SE RRC in Chicago, Illinois, which falls under the Chicago Residential Reentry Management Office ("RRM")." (*Id*. at 1.) According to Respondent, "Inmates under RRM responsibility may be either in an RRC or on home confinement" and "Petitioner has [therefore] received the relief requested." (*Id.* at 1–2.)

## DISCUSSION

Here, the undersigned construes Petitioner's Motion to Dismiss as a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(a)(2) requires a court order to dismiss an action at the plaintiff's request after the opposing party has responded. *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (applying the Federal Rules of Civil Procedure to habeas corpus proceedings). "It

2

is well-settled that a plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Craig v. Warden Leiber Corr. Inst.*, No. 6:19-cv-624-JFA-KFM, 2020 WL 2842167, at *2 (D.S.C. Mar. 2, 2020) (cleaned up and citations omitted), *adopted by*, 2020 WL 1329393 (D.S.C. Mar. 23, 2020).

Having reviewed the record presented and considering Respondent's consent to Plaintiff's voluntary dismissal, the undersigned recommends Petitioner's Motion to Dismiss (Dkt. No. 23) be granted. In light of this recommendation, the undersigned further recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. No. 19) be terminated as moot.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Petitioner's Motion to Dismiss (Dkt. No. 23) be GRANTED and Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. No. 19) be terminated as **MOOT**.

**IT IS SO RECOMMENDED.**

January 6, 2026
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).