IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Calvin Williams,<br><br>        Petitioner,<br>   v.<br><br>Warden FCI Edgefield,<br><br>        Respondent. | Case No. 2:25-cv-07824-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Petitioner's motion to dismiss, which the Magistrate Judge construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), be granted and that Respondent's motion to dismiss, or in the alternative, motion for summary judgment be denied as moot. (Dkt. No. 25). The Parties were given notice that they had 14 days from the date of the R&R to file any objection, which, with three additional days for mailing, required the filing of objections on or before January 23, 2026. *Id*. at 4. The Court has received no objection. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants Petitioner's motion to dismiss, and denies as moot Respondent's motion to dismiss, or in the alternative, motion for summary judgment.

**I.    Background**

At the time his petition for writ of habeas corpus was filed, Petitioner, proceeding *pro se*, was a federal prisoner housed at the Federal Correctional Institution in Edgefield, South Carolina. (Dkt. No. 1). Petitioner, pursuant to 28 U.S.C. § 2241, challenges the Bureau of Prisons' ("BOP") application of time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A). *Id*. Specifically, Petitioner takes issue with "the decision of the BOP not to transfer [him] into

[Residential Reentry Center ("RRC")] until 11-5-26 or home confinement when [his] unit team recommended 11-5-25[.]" *Id*. at 2. Petitioner further asserts that he was denied the full application of his FSA time credits toward his RRC date. *Id*. at 6. For relief, Petitioner seeks to have his RRC transfer date moved from November 5, 2026, to November 5, 2025. *Id*. at 7.

On November 21, 2025, Respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment. (Dkt. No. 19). Petitioner filed a response. (Dkt. No. 22). On December 9, 2025, Petitioner filed a motion to dismiss, stating, "Petitioner Calvin Williams respectfully moves this Honorable Court to dismiss Williams['s] motion as the matter has been resolved." (Dkt. No. 23). On December 16, 2025, Respondent filed a response consenting to Petitioner's motion to dismiss and noting that "Petitioner is at the Salvation Army Correctional SE RRC in Chicago, Illinois, which falls under the Chicago Residential Reentry Management Office ("RRM")." (Dkt. No. 24, at 1). Respondent further notes that "[i]nmates under RRM responsibility may be either in an RRC or on home confinement," so "Petitioner has received the relief requested." *Id*. at 1-2.

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the parties fail to file any specific objections, "a district court need not conduct a de novo review, but instead

2

must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

The Magistrate Judge construed Petitioner's motion to dismiss as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which requires a court order to dismiss an action at the complainant's request after the opposing party has responded. (Dkt. No. 25, at 2) (citing Fed. R. Civ. P. 41(a)(2)). Accordingly, upon reviewing the record and finding that no substantial prejudice would result to Respondent in light of its consent to Petitioner's voluntary dismissal, the Magistrate Judge recommended that Petitioner's motion to dismiss be granted and that Respondent's motion to dismiss, or in the alternative, motion for summary judgment be denied as moot. *Id*. at 2-3.

The Court finds that the Magistrate Judge ably summarized the relevant factual and legal issues and correctly concluded that Petitioner's motion to dismiss, properly construed as a motion for voluntary dismissal under Rule 41(a)(2), should be granted, that Respondent will not suffer

substantial prejudice if Petitioner's habeas petition is dismissed, and that Respondent's motion to dismiss, or in the alternative, motion for summary judgment should be denied as moot.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 25), **GRANTS** Petitioner's motion to dismiss (Dkt. No. 23), and **DENIES AS MOOT** Respondent's motion to dismiss, or in the alternative, motion for summary judgment (Dkt. No. 19).

**AND IT IS SO ORDERED.**

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

January 26, 2026
Charleston, South Carolina